### In the Matter of John L. STEWART, Respondent.

### No. 49S00–1204–DI–219.

Supreme Court of Indiana.

Aug. 30, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Count 1: Based on an incident on January 6, 1998, Respondent pled guilty to class C misdemeanor operating a vehicle with a 10% blood alcohol or more. Count 2: Based on an incident on November 3, 2007, Respondent pled guilty to class C misdemeanor operating a vehicle while intoxicated ("OWI"). Count 3: Based on an incident on March 31, 2011, Respondent was convicted by a jury of OWI with a prior conviction, a class D felony, and related misdemeanors. Respondent did not report the convictions of Counts 1 and 2 to the Commission.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent is working with Indiana Judges and Lawyers Assistance Program ("JLAP") to address his chemical dependency and has refrained from alcohol for over one year; (3) in 2011, Respondent was suffering from personal and emotional problems stemming from the death of his girlfriend; (4) Respondent's failure to report his first two convictions resulted from his misunderstanding of the reporting requirement; and (5) his disclosure of the arrest in Count 3 prior to conviction demonstrates his acceptance of responsibility and cooperation with the Commission.

The Commission filed a "Notice of Guilty Finding and Request for Suspension" on April 16, 2012, seeking interim suspension based on Respondent's felony conviction alleged in Count 3 under Admis. Disc. R. 23(1 1)(a). The Court granted the request for interim suspension on July 5, 2012, effective July 20, 2012.

**Violations:** The parties agree that Respondent violated the following rules:

Ind. Professional Conduct Rules 8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

Ind. Admission and Discipline Rule 23(11.1)(a)(2): Failure to notify the Commission of a guilty finding, and failure to transmit a certified copy of a guilty finding to the Commission within ten days of the finding.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning July 20, 2012 (the effective date of his interim suspension), with 90 days actively served and the remainder stayed subject to completion of at least two years of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall pay the costs of this action and comply with JLAP monitoring and requirements during his probation.

(2) Respondent shall maintain complete alcohol abstinence during his probation.

(3) Respondent shall have no violations of the criminal laws or Indiana or the Rules of Professional Conduct during his probation.

(4) If Respondent violates his probation, the Commission will petition to revoke his probation and request the balance of the stayed suspension be actively served without automatic reinstatement, and Respondent may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Respondent shall fulfill the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.